IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01481-LTB

MARCOS ANTONY BOYCE, a/k/a MARK BOYCE,

      Petitioner,

v.

DAVID BERKEBILE, Warden,

      Respondent.

---

## ORDER

---

      Petitioner, Marcos Antony Boyce, also known as Mark Boyce, is a prisoner in the custody of the Federal Bureau of Prisons at the United States Penitentiary, Administrative Maximum, in Florence, Colorado.  Through counsel, Mr. Boyce initiated this action by filing a "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" (ECF No. 1) challenging the validity of his criminal conviction.  Mr. Boyce was convicted in the United States District Court for the Northern District of Georgia in case number 94-cr-387 of accessory to murder and aiding and abetting in connection with the July 1994 murder of an inmate at a federal prison in Atlanta, Georgia.  On May 30, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 4) directing Mr. Boyce to show cause why the petition should not be denied because he has an adequate and effective remedy available to him pursuant to 28 U.S.C. § 2255 in the sentencing court. Mr. Boyce was warned that the action would be dismissed without further notice if he failed to show good cause within thirty days.

On June 30, 2014, Mr. Boyce filed a "Motion to Enlarge Time to Respond to Order to Show Cause" (ECF No. 5) requesting an extension of time until September 2, 2014, to file a response.  That same day Magistrate Judge Boland entered a minute order (ECF No. 6) granting an extension of time until July 30, 2014.  On August 12, 2014, the Court dismissed the action without prejudice for failure to prosecute because Mr. Boyce failed to file a response to the show cause order within the time allowed.

On August 26, 2014, Mr. Boyce filed a document titled "Motion to Set Aside Judgment and Motion for Reconsideration and Request for Permission to File Response to Order to Show Cause (Oral Argument Requested)" (ECF No. 9).  Mr. Boyce asks the Court in the August 26 order to vacate the Order of Dismissal and the Judgment because his failure to respond to the show cause order resulted from mistake, inadvertence, and excusable neglect; to extend the time to file a response to the show cause order; and to accept and consider his "Response to Order to Show Cause" (ECF No. 9-4).  Mr. Boyce alleges in support of these requests that he believed his June 30 motion for an extension of time had been granted in its entirety and that he had until September 2 to respond to the show cause order because the docket entry describing Magistrate Judge Boland's June 30 minute order simply indicated the motion was granted.  Counsel for Mr. Boyce states that he did not actually open and read the text of Magistrate Judge Boland's minute order that specifies the time to file a response was granted only until July 30.  On August 27, 2014, Mr. Boyce filed a "Supplement to Motion to Set Aside Judgment" (ECF No. 10) stating that "[t]he undersigned has been authorized by the U.S. Attorney's Office for the State [sic] of Colorado to advise the Court that said office has no objection to Petitioner's Motion to Set Aside the Judgment

of August 12, 2014 per the advisory of AUSA Martha Paluch."

On August 28, 2014, Mr. Boyce filed an "Unopposed Motion to Reinstate Case and Transfer to the United States District Court for the Northern District of Georgia, Atlanta Division" (ECF No. 11) asking the Court to vacate the Order of Dismissal and the Judgment and transfer the action to the sentencing court for disposition by the sentencing court under 28 U.S.C. § 2255(e).  Mr. Boyce states in the August 28 motion that "[c]ounsel has been authorized to represent that the U.S. Attorney's Office for the District of Colorado has no objection to setting aside the Judgment of Dismissal" (ECF No. 11 at 2).  Mr. Boyce also has submitted a copy of a letter from the Assistant United States Attorney who originally prosecuted the criminal case against Mr. Boyce requesting that this action be transferred to the sentencing court.  (*See* ECF No. 12.)

The Court first will address the "Unopposed Motion to Reinstate Case and Transfer to the United States District Court for the Northern District of Georgia, Atlanta Division" (ECF No. 11).  The motion will be denied because Mr. Boyce provides no authority that would allow the Court to transfer this habeas corpus action filed pursuant to 28 U.S.C. § 2241 to another court.  For the reasons discussed below, the Court ultimately concludes that this action must be dismissed for lack of statutory jurisdiction. Pursuant to 28 U.S.C. § 1631, "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any such other court in which the action . . . could have been brought at the time it was filed."  However, because this action could not have been brought in any other court at the time it was filed, § 1631 does not authorize the Court to grant the requested transfer.

3

First, it is clear that a petition for a writ of habeas corpus pursuant to § 2241 "must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).  Thus, the instant action properly was filed in the District of Colorado because Mr. Boyce was confined at the Florence prison when this action was filed.  Mr. Boyce could not have sought relief pursuant to § 2241 in the sentencing court and the government's lack of opposition to the requested transfer does not alter the fact that the District of Colorado is the only court in which the instant habeas corpus action properly could have been filed.

Second, even if the habeas corpus petition could be construed as a motion pursuant to § 2255, the request for a transfer to the sentencing court still must be denied.  Mr. Boyce concedes that he previously sought relief in the sentencing court pursuant to § 2255 and that he also has been denied authorization to file a second or successive § 2255 motion.  (*See* ECF No. 11 at 2.)  Therefore, Mr. Boyce must obtain permission from the appropriate court of appeals before the sentencing court has jurisdiction to consider the merits of any claims Mr. Boyce may seek to raise in a second or successive § 2255 motion.  *See* 28 U.S.C. § 2255(h); *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

The Court next will address the "Motion to Set Aside Judgment and Motion for Reconsideration and Request for Permission to File Response to Order to Show Cause (Oral Argument Requested)" (ECF No. 9).  The Court does not condone counsel's failure to open and read the text of a court order.  Nevertheless, the Court finds that the "Motion to Set Aside Judgment and Motion for Reconsideration and Request for Permission to File Response to Order to Show Cause (Oral Argument Requested)"

4

(ECF No. 9) should be granted in the interest of justice.  The Order of Dismissal (ECF No. 7) and the Judgment (ECF No. 8) will be vacated and the "Response to Order to Show Cause" (ECF No. 9-4) will be accepted as timely filed.  The request for oral argument will be denied and, for the reasons discussed below, the Court finds that the action must be dismissed for lack of statutory jurisdiction.

As noted above, Mr. Boyce is challenging the validity of the judgment of conviction entered in a criminal case in the Northern District of Georgia.  Mr. Boyce states in the petition that he has not filed a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his convictions and that he has never sought permission to file a second or successive motion pursuant to 28 U.S.C. § 2255 challenging the validity of his convictions.  (*See* ECF No. 1 at 4.)  However, he now concedes that he filed a motion pursuant to 28 U.S.C. § 2255 in his criminal case in 1999 that was dismissed on February 15, 2000, for lack of jurisdiction, and that on May 4, 2005, the United States Court of Appeals for the Eleventh Circuit denied his motion for permission to file a successive § 2255 motion based on newly discovered evidence.  (*See* ECF No. 9-4 at 6, ¶23.)  He also now concedes that he previously challenged the validity of his criminal convictions in *Boyce v. Pugh*, No. 00-cv-02309-ZLW (D. Colo. Feb. 12, 2001), a habeas corpus action pursuant to 28 U.S.C. § 2241 in the District of Colorado that was dismissed because he had an adequate and effective remedy available to him in the sentencing court pursuant to § 2255.  (*See* ECF No. 9-4 at 6, ¶24.)  Mr. Boyce claims in the petition that he is actually innocent, although the specific claims he is asserting are not entirely clear.

The purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C.

5

§ 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity" and "[a] 28 U.S.C. § 2255 petition attacks the legality of detention." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). A habeas corpus petition pursuant to § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). Instead, "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965); *see* 28 U.S.C. § 2255(e).

It is clear to the Court, and Mr. Boyce does not dispute, that his claims in the petition challenge the validity of his criminal convictions. Therefore, those claims must be raised in the Northern District of Georgia in a motion pursuant to § 2255 unless that remedy is inadequate or ineffective.

Mr. Boyce bears the burden of demonstrating that the remedy available pursuant to § 2255 is inadequate or ineffective. *See Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011). This burden is not easily satisfied because "[o]nly in rare instances will § 2255 fail as an adequate or effective remedy to challenge a conviction or the sentence imposed." *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010); *see also Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) (noting that the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances"). The test for determining whether the remedy provided in the sentencing court pursuant to § 2255 is inadequate or ineffective is whether Mr. Boyce's claims could have been raised

6

in an initial § 2255 motion.  *See Prost*, 636 F.3d at 584.  "If the answer is yes, then the petitioner may not resort to the savings clause [in § 2255(e)] and § 2241."  *Id.*

Mr. Boyce argues in his "Response to Order to Show Cause" (ECF No. 9-4) that the remedy available in the sentencing court pursuant to § 2255 is inadequate or ineffective for several reasons.  He contends that the remedy available pursuant to § 2255 is inadequate or ineffective because he likely would have to pursue his claims in the sentencing court without counsel or, at a minimum, with different counsel.  He also contends that the remedy available in the sentencing court pursuant to § 2255 is inadequate or ineffective because the newly-discovered evidence of his actual innocence was not available at the time he filed his original § 2255 motion or his other prior postconviction motions.  He maintains in support of this argument that newly discovered evidence of actual innocence allows him to circumvent any procedural bars to seeking relief in accordance with *Schlup v. Delo*, 513 U.S. 298, 324 (1995), and *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013).  Mr. Boyce finally contends that the remedy available in the sentencing court pursuant to § 2255 is inadequate or ineffective because it would be more convenient to hear his claims in Colorado.

Mr. Boyce's arguments that he likely would have to pursue his claims *pro se* in the sentencing court and that it would be more convenient to hear his claims in Colorado are not pertinent to the Court's analysis under *Prost*.  As set forth above, under *Prost*, the only relevant question for determining whether the remedy provided in the sentencing court pursuant to § 2255 is inadequate or ineffective is whether Mr. Boyce's claims could have been raised in an initial § 2255 motion.  *See Prost*, 636 F.3d at 584.

Mr. Boyce's actual innocence argument premised on newly-discovered evidence that allegedly was not available at the time he filed his original § 2255 motion and other prior postconviction motions also does not persuade the Court that the remedy available in the sentencing court pursuant to § 2255 is inadequate or ineffective.  For one thing, "[u]nder the *Prost* framework, a showing of actual innocence is irrelevant."  *Abernathy v. Wandes*, 713 F.3d 538, 546 n.7 (10th Cir. 2013).  Section 2255(h)(1) also contemplates that newly discovered evidence may be the basis for a second or successive § 2255 motion.  "[T]he mere fact that [Mr. Boyce] may be precluded from filing a second § 2255 petition does not establish that the remedy in § 2255 is inadequate."  *See Caravalho*, 177 F.3d at 1179.  In any event, the Court need not consider whether the particular newly-discovered evidence claim Mr. Boyce seeks to raise satisfies the requirements of § 2255(h)(1) because "[t]he savings clause doesn't guarantee results, only process." *Prost*, 636 F.3d at 590; *see also Jameson v. Samuels*, 555 F. App'x 743, 746 (10th Cir. 2014) (concluding that remedy provided in the sentencing court pursuant to § 2255 was not inadequate or ineffective for claims premised on newly discovered evidence even though the new evidence was insufficient to meet the stringent standard for filing a second or successive motion under § 2255(h)(1)).

Mr. Boyce also may not rely on the equitable exception recognized in *Schlup* and *McQuiggin* to demonstrate that the remedy available in the sentencing court pursuant to § 2255 is inadequate or ineffective.  Supreme Court decisions prior to *McQuiggin* provided that "a convincing showing of actual innocence enabled habeas petitioners to overcome a procedural bar to consideration of the merits of their constitutional claims." *McQuiggin*, 133 S. Ct. at 1928 (citing *Schlup v. Delo*, 513 U.S. 298 (1995), and *House*

8

*v. Bell*, 547 U.S. 518 (2006)).  The Supreme Court in *McQuiggin* held that a credible showing of actual innocence also provides a gateway to consideration of an otherwise untimely claim of constitutional error as an equitable exception to the one-year limitation period in § 2244(d).  *Id.*

The equitable exception recognized in *Schlup* and *McQuiggin* does not benefit Mr. Boyce because his claims are barred by a statutory provision, § 2255(e), that imposes a jurisdictional bar.  *See Abernathy*, 713 F.3d at 557.  The equitable exception recognized in *Schlup* and *McQuiggin* is applicable to procedural bars and cannot overcome a jurisdictional bar.  *See Strickland v. English*, No. 5:13-cv-248-RS-EMT, 2013 WL 4502302 at *8 (N.D. Fla. Aug. 22, 2013); *see also Whitehorse v. United States*, No. 13-CV-2922 (PJS/JJK), 2014 WL 668176 at *2 (D. Minn. Feb. 20, 2014) ("*McQuiggin* does not stand for the proposition that *all* impediments to post-conviction relief are inapplicable to claims of actual innocence.").

For all of these reasons, the Court finds that Mr. Boyce fails to demonstrate the remedy available in the sentencing court pursuant to § 2255 is inadequate or ineffective. Therefore, the action will be dismissed for lack of statutory jurisdiction.  *See Abernathy*, 713 F.3d at 557.  Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Petitioner files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

9

ORDERED that the "Unopposed Motion to Reinstate Case and Transfer to the United States District Court for the Northern District of Georgia, Atlanta Division" (ECF No. 11) is DENIED.  It is

FURTHER ORDERED that the "Motion to Set Aside Judgment and Motion for Reconsideration and Request for Permission to File Response to Order to Show Cause (Oral Argument Requested)" (ECF No. 9) is GRANTED.  It is

FURTHER ORDERED that the Order of Dismissal (ECF No. 7) and the Judgment (ECF No. 8) entered in this action on August 12, 2014, are VACATED.  It is

FURTHER ORDERED that the "Response to Order to Show Cause" (ECF No. 9-4) is accepted as timely filed.  It is

FURTHER ORDERED that the habeas corpus petition (ECF No. 1) is denied and the action is dismissed for lack of statutory jurisdiction because Petitioner fails to demonstrate that the remedy available to him in the sentencing court is inadequate or ineffective.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this __29th__ day of ____August____, 2014.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

11